# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMEER AGRAWAL,<br><br>                    Plaintiff,<br>   vs.<br>JOSÉ L. CORTES, et al.,<br><br>                    Defendant. | CASE NO. 13cv1084-LAB (WVG)<br><br>**ORDER REQUIRING CONFIRMATION OF DEFENDANTS' CITIZENSHIP** |

      The complaint in this action names eleven Defendants, and identifies diversity as the basis for this Court's exercise of jurisdiction. It alleges Plaintiff Sameer Agrawal is a citizen of Ohio, and alleges the citizenship of all Defendants "[u]pon information and belief."

      At this stage of litigation, this is all that is required. In view of the large number of Defendants, however, the Court considers it prudent to confirm the parties' citizenship, in order to avoid expense and delay. If it were to turn out that even one of the Defendants were non-diverse, this action would need to be dismissed for lack of jurisdiction regardless of how much the parties and the Court had invested in the way of time, effort, and resources.

      Of particular concern are three Defendants alleged to be citizens of foreign countries, José Cortes (Switzerland), Burkhard Goeschel (Germany), and Jean Lavigne (United Kingdom). If any of these three Defendants are not in fact citizens of foreign countries but instead U.S. citizens domiciled abroad, their presence would destroy diversity. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989) (U.S. citizens domiciled abroad

are neither citizens of a state nor citizens or subjects of a foreign state, and are therefore not proper parties to a diversity action in federal court).

If any party becomes aware of facts that would destroy diversity or even draw diversity jurisdiction into question, they must promptly file a notice so stating, so that the Court can address any problem at the earliest opportunity.

**IT IS SO ORDERED**.

DATED: May 9, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge